**UNITED STATES of America, Plaintiff,**

v.

**Luis ORTIZ, Defendant.**

**No. 88 CR 79–4.**

United States District Court,
N.D. Illinois, E.D.

May 12, 1988.

Anton R. Valukas, U.S. Atty. by Canella E. Henrichs, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Arthur Nasser, Raymond J. Smith, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

According to 18 U.S.C. § 3143, a person who has been found guilty of an offense and is awaiting sentencing shall be detained unless clear and convincing evidence exists that the person is not likely to flee or pose a danger to the safety of another person or the community. Under this section, the defendant carries the burden of showing the absence of dangerousness and risk of flight. In the present case, both sides agree that defendant does not pose a risk of dangerousness to any particular person and is not a flight risk. The only issue is whether defendant is likely to continue distributing narcotics, thus endangering the safety of the community. Based on evidence presented at a detention hearing held on May 9, 1988, this court finds that defendant has sufficiently demonstrated that he will not return to his prior criminal activities and will not threaten the safety of the community.

On May 2, 1988, defendant pled guilty to charges of conspiracy and distribution of three kilograms of cocaine. Sentencing is set for June 29, 1988. Defendant has no prior criminal record and has resided in the Chicago area since 1980. Defendant has been employed as a full-time jeweler for the past five years earning between $8 and $12 an hour. His current employer testified that defendant has been a dependable, conscientious and hard working individual who has always strived to better himself. Defendant's employer testified that he would continue to employ defendant until he is sentenced. Defendant's fiancee testified that when she learned of defendant's criminal activity, she gave him an ultimatum to give up that sort of life or give her up. She stated that he told her he would never return to drug trafficking and sincerely desired to resume his work as a jeweler and begin their life as a married couple. Defendant's resolve to end his involvement with drug sales was echoed by the testimony of defendant's family and friends.

The government contends, however, that an incident involving defendant on March 23, 1988 suggests that he cannot be trusted. Apparently, defendant was arrested in a Chicago tavern with several other individuals after a police raid and charged with disorderly conduct. The state's attorney, after examining the case, decided to dismiss the charge against defendant. Conflicting testimony was offered concerning the reasons for defendant's arrest. The arresting officer stated he saw defendant seated with another man at a table helping dispose of a white substance by spreading it on the floor of the bar. When the officer approached the two men, defendant allegedly swore at the officer and threw beer bottles at the officer's feet.

A different story emerged from the testimony of two witnesses present in the tavern at the time of the raid. The witnesses stated that defendant was seated next to them at the bar when police entered and was nowhere near the table where police believed drugs were being discarded. After all patrons in the bar were searched, the witnesses testified that police arrested a considerable number of men including defendant. The witnesses did not know why defendant was placed under arrest. According to defendant's pretrial services officer, defendant immediately reported his arrest. In light of the nature of the charge and the subsequent dismissal, the pretrial services officer testified that she did not apprise the court or the government of the

incident because she viewed it as inconsequential.

Although facts surrounding the March 23 incident remain unclear, this court believes defendant has adequately established that his drug trafficking days are behind him. Defendant has pled guilty and accepted responsibility for his actions. He is remorseful and desires to start a new life with his financee after he has paid for his crimes. Defendant is knowledgeable that this court could impose an 80-year sentence and a $4 million fine on June 28. Given the foregoing circumstances, this court entertains little doubt defendant will not involve himself in drug sales. As such, this court will allow defendant to remain on his present bond pending his June 28, 1988 sentencing.